IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JEFFREY BENNETT AND<br>BROOKE BENNETT,<br><br>Plaintiffs,<br><br>v.<br><br>HARRINGTON HOIST, INC.,<br>et. al.,<br><br>Defendants. | §§§§§§§§§§§§ | <br><br><br><br><br>Civil Action No. 1:15-CV-072-P-BL<br><br><br><br><br>Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This matter is before the Court on a Motion to Remand this case to state court filed by Plaintiffs Jeffrey and Brooke Bennett. (Doc. 5).[1] The United States District Judge referred this case to the undersigned United States Magistrate Judge for pretrial management, including the filing of a report and recommendation concerning dispositive motions. (Doc. 4). This Court recommends Plaintiff's Motion to Remand be granted.

## I. BACKGROUND

Plaintiff Jeffrey Bennett formerly worked as a wind turbine technician for GE Wind at the Pyron Wind Farm in Nolan County, Texas. The Pyron Wind Farm is owned by Defendant Pyron Wind Farm, LLC, Defendant EC&R Services, LLC, and E.ON Climate and Renewables North America, LLC (collectively Pyron or Pyron Defendants).[2]

---

[1] For ease of reference, the Court refers to both Plaintiffs with the singular "Plaintiff."
[2] On May 13, 2015, Plaintiff submitted an amended complaint substituting EC&R Services, LLC, (EC&R) for Defendant E.ON Global Commodities North America, LLC (E.ON GCNA). (Doc. 7, p. 2). On May 20, 2015, Harrington responded to Plaintiff's Motion to Remand and addressed the citizenship of E.ON GCNA rather than EC&R. (Doc. 9, p. 5). Harrington does not contest any of Plaintiff's claims about the citizenship of EC&R. As both EC&R and E.ON GCNA are limited liability companies, determination of citizenship is the same for each. The Court's analysis of the citizenship of the Pyron Defendants, therefore, encompasses EC&R.

According to Plaintiff's Motion to Remand, on May 14, 2013, Plaintiff was working inside the main control cabinet of a wind turbine (at ground level) at the Pyron Wind Farm. An overhead hoist manufactured by Defendant Harrington Hoists (Harrington) was lowering tools from the top of the turbine when it malfunctioned, causing a hook holding the tools to come loose and free fall, landing on Plaintiff's right hand and arm. Plaintiff alleges he suffered catastrophic and irreparable injuries.

On February 23, 2015, Plaintiff filed his original petition in the 32nd District Court of Nolan County, Texas, bringing claims of negligence, gross negligence, product liability and breach of warranty against Harrington. Plaintiff also brought claims of negligence, gross negligence, and *res ipsa loquitur* against the Pyron Defendants as well as William Darnell, the site manager at the Pyron Wind Farm, and John Doe, an alleged current or former employee and agent of one or more of the Pyron Defendants.

On April 9, 2015, Harrington filed a Notice of Removal based upon diversity of the parties under 28 U.S.C. §§ 1332, 1441, and 1446. All Defendants except John Doe consented to removal.[3] (Doc. 1, p. 7). Harrington alleged that all Defendants were of diverse citizenship to Plaintiff, except for William Darnell and John Doe, which Harrington maintained were joined improperly for the purpose of destroying diversity. On April 27, 2015, Plaintiff filed the instant motion contesting that Darnell was fraudulently joined, and also attacking the citizenship of the Pyron Defendants.[4] On May 13, 2015, Plaintiff filed an amended complaint, substituting EC&R for E.ON GCNA. (Doc. 7, p. 2). On May 20, 2015, Harrington replied to Plaintiff's motion to remand essentially reasserting its position that Darnell and Doe were improperly joined, but offering no additional

---

[3] As noted, EC&R was added as a Defendant in this action May 13, 2015. However, EC&R has made no appearance before this Court. It is unclear whether EC&R has been served in this action.
[4] In his Motion to Remand, Plaintiff abandons his arguments as to the citizenship of John Doe, only maintaining his argument as to Darnell. (*See* Doc. 5).

arguments or facts. (*See* Doc. 9). Notably, Harrington failed or declined to recognize the substitution of EC&R for E.ON GCNA. *Id.*

## II. DISCUSSION

"Under 28 U.S.C. § 1441(a), any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court. When original federal jurisdiction is based on diversity, however, a defendant may remove only 'if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting 28 U.S.C. § 1441(b)).

As noted, Plaintiff contests removal on two fronts. First, Plaintiff alleges Harrington failed to show complete diversity of the parties by failing to establish the citizenship of all Pyron Defendants. Second, Plaintiff alleges Harrington failed to meet its burden of showing Darnell was fraudulently joined.

### A. CITIZENSHIP OF PYRON DEFENDANTS

For purposes of federal diversity jurisdiction, "the citizenship of a [limited liability company] is determined by the citizenship of all its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). "For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (citing *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) and 28 U.S.C. § 1332(c)(1)).

In its Notice of Removal, Harrington stated, "Pyron Wind Farm, LLC, is a Delaware limited liability company organized and existing under the laws of the State of Delaware, whose principal office is located at 401 W. End Avenue, Manheim, Pennsylvania, 17545." (Doc. 1, p. 3).

Harrington further stated that E.On Global Commodities North America, LLC, and E.On Climate Renewables North America, LLC, each was "a Delaware limited liability company organized and existing under the laws of the State of Delaware, whose principal office is located at 353 N. Clark Street, Floor 30, Chicago, Illinois 60654-4704." *Id.*[5]

It appears, then, that Harrington attempted to establish the citizenship of the Pyron Defendants as if the Pyron Defendants were corporations rather than limited liability companies. Instead, Harrington should have established the citizenship of the members of the LLC Defendants. The record contains no mention of the members of the Pyron Defendants.

Harrington's response to Plaintiff's Motion to Remand displayed the same misstep. (*See* Doc. 9). Harrington merely repeated that the Pyron Defendants were organized under the laws of Delaware and listed the locations of their principal places of business. (Doc. 9, p. 5). "Under *Harvey*, these allegations are facially insufficient to establish the existence of diversity jurisdiction [of a limited liability company]." *Bank of America, N.A. v. Fulcrum Enters., LLC.*, 608 F.App'x 284 (5th Cir. 2015) (mem. op.) (*per curiam*) (unpublished); *see also supra* notes 2, 5 (noting that Harrington has wholly failed to address or establish the citizenship of EC&R).

Curiously, at one point Plaintiff appears to collide with the same hurdle as Harrington, attempting to base the citizenship of an limited liability company on its principal place of business. (*See* Doc.5, p. 8). Plaintiff claims "the Pyron Wind Farm is located and is named after Pyron, Texas. There is no Pyron in Delaware or Illinois[, the locations of the Pyron Defendants' state of incorporation and principal places of business, respectively.] . . . As the Courts have held, principal place of business is the corporation's 'nerve center.'" *Id.* Nonetheless, Plaintiff ultimately goes on to state that "under Texas law, the business designation 'L.L.C.' means that the business entity is

---

[5] Again, in its response to Plaintiff's Motion to Remand, submitted after Plaintiff filed his Amended Complaint, Harrington failed to address the citizenship of EC&R and instead addressed the citizenship of E.ON GCNA. (Doc. 9, p. 5).

operating as a limited liability company," and focuses his argument on the requirement that citizenship of a limited liability company is the citizenship of its members. *Id.* Thus, any claim that diversity is lacking because the Pyron Wind Farm is physically located in Texas was apparently, and correctly, abandoned by Plaintiff.

Harrington has not established that complete diversity exists in this case. The Pyron Defendants are limited liability companies whose citizenship is determined by the citizenship of their members. Harrington attempted to establish the citizenship of the Pyron Defendants as if they were corporations. On this basis, strictly construing the removal statute, *Gasch*, 491 F.3d at 281–82, and resolving all disputed questions of fact in favor of Plaintiff, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 (5th Cir. 1981), the Court concludes that this case should be remanded to state court. Furthermore, and in the alternative, this case should be remanded to state court because Harrington has not shown Darnell was fraudulently joined, as discussed below.

### B. FRAUDULENT/IMPROPER JOINDER

#### 1.

"In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *B., Inc.*, 663 F.2d at 549; *accord Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006). "[W]here the removing party grounds its allegations of 'fraudulent joinder' upon a theory that plaintiff cannot recover from the in-state defendant as a matter of law, the trial court should resolve all disputed questions of fact in favor of the plaintiff and then determine whether there could possibly be a valid cause of action set forth under state law." *B., Inc.*, 663 F.2d at 551; *accord Gasch*, 491 F.3d at 281 (The court must "resolve all contested factual issues and ambiguities of state law in favor of the plaintiff . . . [as] the effect

of removal is to deprive the state court of an action properly before it.") (citation and internal quotation marks omitted). "The removal statute is . . . to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281–82 (citation omitted). "The burden of persuasion placed upon those who cry fraudulent joinder is indeed a heavy one." *B., Inc.*, 663 F.2d at 549 (internal quotation marks omitted); *accord Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). "In evaluating a claim of fraudulent joinder, [the court does] not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look[s] only for a possibility that the plaintiff may do so." *Rodriguez v. Sabitano*, 120 F.3d 589, 591 (5th Cir. 1997). Put another way, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (emphasis omitted). The Fifth Circuit Court of Appeals has "noted the similarity of the test for fraudulent joinder and the test for a Rule 12(b)(6) motion alleging failure to state a claim." *Id.* Still, "although the fraudulent joinder and Rule 12(b)(6) standards appear similar, the scope of the inquiry is different." *Id.*

The Rule 12(b)(6) standard is: A defendant must show that a plaintiff's pleadings "[fail] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The "fraudulent joinder standard [is]: After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 649 (internal quotation marks and emphasis omitted). "For Rule 12(b)(6) motions, a district court may only consider the allegations in the complaint and any attachments. For fraudulent joinder, the district court may . . . 'pierce the pleadings' and consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* at 649 (citations omitted).

2.

In his original complaint, Plaintiff alleged, under a heading entitled "Plaintiffs' Claim of Negligence Against Pyron and Darnell," that:

> Darnell . . . had the duty to safely install, regularly inspect, test, and maintain the Hoist in order to ensure that it operated safely. This duty included making sure that the Hoist's limit switch, wire rope, hood, and electrical systems were properly maintained and that the Hoist's movement was unimpeded. In order to properly maintain the Hoist's electrical systems, . . . Darnell . . . had the duty to, at a minimum, keep the Hoist's components free from dust or dirt that could cause the components to fail. Furthermore, . . . Darnell . . . had the duty to use competent personnel to regularly inspect the Hoist's electrical components, including electrical contacts and limit switches. Upon inspection, . . . Darnell . . . had the duty to observe any problems associated with the hook, the hook's free movement, the electrical contacts, and limit switches. . . . Darnell . . . then had the duty to properly repair and/or replace any components which would impede the safe operation of the Hoist. Finally, . . . Darnell . . . had a duty to properly warn and train its independent contractors, including GE Wind and its employees of the imminent and extreme danger created by the improperly inspected and maintained Hoist.
> . . . Darnell . . . breached each of the duties by generally failing to [properly] install, maintain, inspect, and/or repair the Hoist and by failing to warn or conduct training regarding the improperly inspected and maintained Hoist. Due to this failure, the Hoist malfunctioned, causing it to free fall and violently [strike] Plaintiff Jeffrey Bennett, proximately causing him serious personal injuries.

(Doc. 1, p. 17, 20).

In its Notice of Removal, Harrington summarily concluded the above allegations constituted a claim for premises liability. (Doc. 1, p. 4). Harrington stated Plaintiff cannot make out the elements of a premises liability cause of action, *inter alia*, because Plaintiff cannot show that Darnell "was an owner or possessor of the premises." (Doc. 1, p. 5); *see, e.g., Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992) (listing the elements of a premises liability cause of action in Texas).

Even accepting as true, *arguendo*, Harrington's contention that Plaintiff cannot make out a premises liability cause of action, Harrington has missed the mark. The inquiry is whether there "is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved"; whether there is "no possibility that the plaintiff will be able to establish a cause of

action," not whether there is no possibility that Plaintiff will be able to establish a premises liability cause of action. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995); *Rodriguez*, 120 F.3d at 591; *Travis*, 326 F.3d at 648 (emphasis omitted). Harrington's burden extends further than showing Plaintiff cannot make out a premises liability cause of action. *See Rodriguez*, 120 F.3d at 591.

"The Texas Supreme Court has stated that common-law negligence 'consists of three essential elements-a legal duty owed by one person to another, a breach of that duty, and damages proximately resulting from the breach.'" *Id.* (quoting *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987)). First, Plaintiff's original complaint clearly tracks the elements of a negligence cause of action in Texas. (Doc. 1, p. 17, 20).[6] Second, Plaintiff's claim was presented under a heading designating it a negligence claim. *Id.* at 17. On the face of Plaintiff's complaint—under a Rule 12(b)(6)-type examination—Plaintiff has stated a claim on which relief can be granted. *See Poole*, 732 S.W.2d at 311; (Doc. 1, p. 17, 20).

Alternatively, applying the fraudulent joinder standard, *i.e.*, "piercing the pleadings," *Travis*, 326 F.3d at 648–49, it too becomes clear that Plaintiff can show a possibility of success on a negligence claim in state court. *See Rodriguez*, 120 F.3d at 591. As Harrington conceded, "William Darnell was hired by Pyron, the owner and operator of the Pyron Wind Farm, to serve as the farm's Site Manager. Darnell's job responsibilities included supervising the premises to ensure the wind farm operated safely." (Doc. 1, p. 5). That is, Harrington conceded Darnell owed some duty to ensure the safety of the premises. Further, Harrington did not contest Plaintiff's assertions of other duties Darnell owed Plaintiff. *(See, e.g.*, Doc. 5, p. 14–19); *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000) ("[I]t may be said generally . . . that if a party negligently creates a dangerous situation it then becomes his duty to do something about it to

---

[6] The exhibit containing Plaintiff's original complaint became shuffled when it was filed with this Court, such that pages 5 and 6 of Plaintiff's original complaint exist as pages 17 and 20 of Doc. 1 in this case.

prevent injury to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights may be injured thereby.") (internal quotation marks omitted). Finally, Harrington wholly failed to address any breach of such duties and any damages caused by such breach. *See Travis*, 326 F.3d at 649 (The court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff.") (citations omitted).

Harrington did not make an argument in the alternative addressing the possibility that Plaintiff's claims labeled as negligence claims might be interpreted by the Court as negligence claims. Nor did Harrington assert any additional grounds for this court's jurisdiction. Harrington summarily concluded that Plaintiff's claims against Darnell are premises liability claims and states Plaintiff cannot make out a premises liability case against Darnell in state court. Harrington rested on its conclusions even after Plaintiff called the same into question in his Motion to Remand. (Doc. 1, p. 4); (Doc. 9, p. 2–3). At this early stage of the proceedings, where discovery had only just begun, Harrington "must put forward evidence that would negate a possibility of liability" on the part of Darnell, rather than "simply pointing to [Plaintiff's] lack of evidence." *Travis*, 326 F.3d at 650.

The upshot is that Harrington has failed carry its "heavy burden" of showing that Darnell was fraudulently joined. *B., Inc.*, 663 F.2d at 549; *Guillory*, 434 F.3d at 308. Strictly construing the removal statute, *Gasch*, 491 F.3d at 281–82, and resolving all disputed questions of fact in favor of Plaintiff, *B., Inc.*, 663 F.2d at 551, the Court concludes that Plaintiff has shown "there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Travis*, 326 F.3d at 648. Without determining whether Plaintiff will actually or probably prevail on the merits of his negligence claim against Darnell, this court discerns a possibility of such. *Rodriguez*, 120 F.3d at 591. This possibility necessitates remand to state court. *Id.*

Furthermore, Harrington has not established complete diversity of the parties here, having not sufficiently asserted the citizenship of the limited liability company Defendants in this case. *See Harvey*, 542 F.3d at 1080; *Fulcrum Enters., LLC.*, 608 F.App'x at 284. This failure necessitates remand to state court.

### III. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion to Remand (Doc. 5) be **GRANTED** and this case be **REMANDED** to the 32nd District Court for Nolan County, Texas.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated this 27th day of August, 2015.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**